IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

ZORAIDA KON-KIN

   Plaintiff,

       v.                               CIVIL NO. 14-1338 (JAG)

LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al.*,

   Defendants.

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Remand to State Court (the "Motion to Remand") filed by Zoraida Kon-Kin ("Kon-Kin" or "Plaintiff"), Docket No. 7, and two Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by the Life Insurance Company of North America ("LINA") and Bixler & Associates ("Bixler") (collectively "Defendants"), respectively. Docket Nos. 12-13. For the reasons outlined below, the Motion to Remand is DENIED and the Motions to Dismiss are GRANTED.

BACKGROUND

Early in 2012, Plaintiff's employer, Puerto Rico Legal Service Corporation ("PRLSC"), activated an insurance policy (the "Plan") for its employees. Docket No. 6, Ex. 1 at 2. This policy was issued by LINA, through insurance brokers, Bixler. Id. Plaintiff took the insurance policy and filed a disability claim that same year. Id. She requested short term and long-term disability benefits from LINA on multiple occasions, which were denied. Docket No. 6, Ex. 1 at 2.

On March 19, 2014, Plaintiff filed a suit against Defendants in the Court of First Instance of Puerto Rico for breach of contract and damages. Docket 6, Ex. 1. Afterwards, on April 28, 2014, Defendants filed a Petition for Removal claiming that Plaintiff's claims arose under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 ("ERISA"), since they were related to her alleged entitlement to benefits under her employer. Docket No. 1.

On May 27, 2014, Plaintiff filed a Motion to Remand to state court. Docket No. 7. Defendants, on June 2, 2014, filed a Memorandum in Opposition to Plaintiff's Motion to Remand & Supplementing Petition for Removal. Docket No. 10. Additionally, four days later, LINA filed a Motion to Dismiss ("LINA's Motion") in which they contend that Plaintiff's state law claims are preempted by ERISA and that her claim does not arise under the Constitution of the United States of America and the Constitution of the Commonwealth of Puerto Rico. Docket No. 12. Moreover, on June 6, 2014, co-defendant, Bixler, also filed a Motion to Dismiss ("Bixler's Motion") arguing that it has not breached any obligation or duty towards the claimant and that Plaintiff failed to make specific allegations against Bixler in the Complaint. Docket No. 13.

## STANDARD

To survive a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). According to Twombly, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." Id. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). Therefore, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

## ANALYSIS

I. Plaintiff's Motion to Remand

Plaintiff asserts that this case should be remanded because the Court lacks subject matter jurisdiction and Defendants have failed to meet the burden to prove that the jurisdictional threshold has been met for federal jurisdiction. Docket No. 7 at 5. She claims that she did not cite ERISA in her Complaint in state court, and thus Defendants are precluded from removing the case to federal court. Docket No. 14 at 3-5. Plaintiff adds that there is no information indicating that the disability insurance provided to her was part of a welfare benefit plan in any way administered and/or maintained by the employer for its employees and, therefore, the case should be remanded to the Court of First Instance of Puerto Rico. Id.

Defendants, on the other hand, argue that removal is proper because this Court possesses original jurisdiction over Plaintiff's claims. Docket No. 10 at 9. They assert that her claims are preempted by ERISA, that there is abundant documentation that the short and/or long term disability benefits ("STD" and "LTD" benefits) policies in question are ERISA plans, and that

Defendants could not have anticipated that Plaintiff would try to conceal the existence of such plans. Id.

The issue in this case is whether Plaintiff's claims arise under ERISA or state law. See Wickman v. Northwestern Mutual Life Insurance Company, 908 F. 2d 1077, 1082 (1st Cir. 1990). ERISA supersedes any and all state law, except in certain circumstances that do not apply here. 29 U.S.C. § 1003(a). Under this section, a plaintiff's torts or common law contract claims asserting "the improper processing of a claim for benefits under an ERISA regulated insurance policy are preempted." Wickman, 908 F. 2d at 1077.

ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). "The existence of a plan turns on the nature and extent of an employer's benefit obligations." Belanger v. Wyman–Gordon Co., 71 F.3d 451, 454 (1st Cir. 1995). In determining whether a benefits decision falls outside ERISA, an inquiry must be made "into the employer's relationship with the benefits under scrutiny." Gross v. Sun Life Assurance Co. of Canada, 734 F. 3d 1, 6 (1st Cir. 2013).

ERISA provides in § 502(a)(1)(B) that a participant or beneficiary may bring a civil action to recover benefits due to him under the terms of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). Moreover, as a claim by a beneficiary who wants to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, "which provides an exclusive federal cause of action for the resolution of such disputes." Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 56 (1987). If the above happens, the state law complaint would be displaced under § 502(a)(1)(B) as an action arising under federal law, and removal to federal court would be

proper. Furthermore, removal may be proper even if the defense of ERISA preemption is not apparent from the face of the complaint, as required by the "well-pleaded complaint" rule. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1997); see also 28 U.S.C. § 1441(b).

Before deciding if removal of this case is proper, however, this Court must determine if the Plan is considered a welfare benefit plan under ERISA.

A. The Plan

Plaintiff argues that there is no information that proves that the disability insurance provided to her is part of a welfare benefit plan in any way administered and/or maintained by PRLSC for its employees. Docket No. 7 at 4. Additionally, she states that there is no evidence that the Plan was purchased by PRLSC nor that PRLSC paid any of the amounts of the premiums. Id. Furthermore, Plaintiff asserts that PRLSC is not an entity exercising discretionary authority in the administration of the Plan. Id.

Defendants argue, on the other hand, that it is evident from the face of the Complaint that the Plan was between Plaintiff's employer and LINA. Docket No. 10 at 3. They contend that in her Complaint, Plaintiff argues that she was wrongfully denied STD and LTD benefits under a disability insurance "activated" by her employer. Docket No. 6, Ex. 1. Further, Defendants note that Plaintiff does not claim that she paid for such insurance nor does she claim that her participation was voluntary. Docket No. 10 at 3.

Section 1002(3) defines an employee benefit plan as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3). There is no set formula for deciding whether or not a plan has been established pursuant to ERISA. Demars v. Cigna Corp., 173 F. 3d

443, 446 (1st. Cir. 1999). Notwithstanding, in order for an employee benefit plan to be considered as an ERISA welfare plan, it has to satisfy the following criteria: (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing . . . disability . . . benefits (5) to participant or their beneficiaries. Gross, 734 F. 3d at 6 (citing Wickman, 908 F. 2d at 1082).

There is no dispute concerning the existence of an employee beneficiary plan from which Plaintiff is a recipient and beneficiary. Docket No. 7 at 1. Also, as in Wickman, it is undisputed here that the last three prerequisites are met. Wickman, 908 F. 2d at 1082. The only dispute is "whether this is a plan which the employer established or maintained." Id. (internal quotation marks omitted). Plaintiff has continuously claimed that the mere purchase of insurance does not constitute a plan. Docket No. 7 at 4. Although this assertion is correct, the fact is that in this case "there is more than a mere purchase of insurance." Wickman, 908 F. 2d at 1082.

In this analysis, "[t]he crucial factor in determining if a plan has been established is whether the purchase of the insurance policy constituted an expressed intention by the employer to provide benefits on a regular and long term basis." Id. at 1083 (internal quotation marks omitted). An ERISA "plan, fund, or program" is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Id. at 1082.

This Court finds that the Plan was in fact established and maintained by Plaintiff's employer, PLSC. See Gross, 734 F. 3d at 7. We do so for various reasons. As a result, the Court holds that this is a welfare benefit plan under ERISA.

First, the Plan provided that the employer and the plan administrator were going to be acting as "agents" of the employee for transactions related to the insurance under the Plan. Docket No. 10 at 5; see also Docket No. 10, Ex. 1 at 15 & Ex. 2 at 13-14. Further, Plaintiff signed a Disclosure Authorization when she filed her claim which provided that the coverage and services were ". . . under [the] employer's employee health and welfare plan(s) . . . ." Id. Likewise, the Group/Association-STD Benefits form stated that it had to be completed by the employer or administrator. Id. As such, it was completed by the Human Resources Manager of PRLSC, Plaintiff's employer. Id.; see also Docket No. 10, Ex. 4. Moreover, PRLSC also submitted Plaintiff's LTD claim and the "employer intake form" as Plaintiff's agent under the LTD plan. Id.; see also Docket No. 10, Ex. 5.

Second, both the STD and LTD plans provided that PRLSC had to comply with LINA's reporting requirements, such as: who was insured, the amount of insurance in force, and any other information needed to administer the Plan. Docket No. 10 at 5.

Third, LINA required PRLSC to comply with the payment of a monthly premium. Id.; see also Docket No. 10, Ex. 1 at 13. Also, they were the only two parties authorized to provide a notice of cancellation. Id.; see also Docket No. 10, Ex. 2 at 10. There is no indication whatsoever, neither by Plaintiff or Defendants, that Plaintiff in any way paid for the insurance or that her participation was voluntary. Id. at 3. In fact, Plaintiff made no contribution to the Plan. Id., see also Docket No. 10, Ex. 4-5. Thus, it follows that it was provided at no cost to her and the other employees. See Gross, 734 F. 3d at 7.

Fourth, STD and LTD policies specified that they covered "all active, Full time and Part time Employees of the Employer regularly working a minimum of 20 hours per week." Id.; see

also Docket No. 10, Ex. 1 & Ex. 2 at 1. Here, PRLSC established the eligible employees to be beneficiaries of this Plan, i.e., Kon-Kin. Id.

Finally, in communications with Plaintiff in regards to the denial of benefits, it was established that her claim was governed by ERISA, which required her to go "through the Company's administrative appeal review" before pursuing any legal action. Id., Ex. 6. After this notice, Plaintiff still appealed from the initial denial of benefits as required by ERISA. Id. at 6.

In sum, ERISA is not intended to cover situations where the employer just "advertises" insurance, "and then makes voluntary deductions from employees' paychecks." Wickman, 908 F. 2d at 1083. According to the above, PRLSC did a lot more than just "advertise." PRLSC not only bought and provided the Plan to its employees, but also paid the monthly premium and acted as agent of the employees' transactions under the Plan. The Plan is a group policy purchased, controlled, and funded by PRLC with the intention of providing benefits to a substantial part of its employees, such as Kon-Kin. Furthermore, there is nothing in the record, not even a statement from Plaintiff, suggesting that she made any type of contribution to the Plan. Plaintiff even admits in her Complaint that the policy was *activated* by her employer. Docket No. 6, Ex. 1. Therefore, the Plan was in fact "established and maintained" by PRLSC. Wickman, 908 F. 2d at 1083 ("[T]he purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established.").

The following analysis of the First Circuit in Wickman applies with equal force in the instant case, "[t]he Company . . . contemplated and devised specific insurance eligibility requirements. Apparent from this degree of planning, precision, and detail is that the purchase of the group policy . . . represented [the Company's] calculated commitment to qualified

employees for similar benefits regularly in the future." Id. Therefore, "[t]he record demonstrates beyond debate that the "crucial factor" . . . identified in Wickman is satisfied here, i.e., that [the employer] undertook to provide benefits for its employees "on a regular and long term basis." Gross, 734 F. 3d at 7. Subsequently, this Court concludes that the Plan is a welfare benefit plan under ERISA, thus "making the plaintiff's claims under the policy subject exclusively to ERISA's jurisdictional requirements." Wickman, 908 F. 2d at 1083.

Consequently, the state common law causes of action are removable to federal court under § 1441(b), as they are preempted by § 502. 28 U.S.C. § 1441(b); see also Metropolitan Life Insurance Co., 481 U.S. at 58. Accordingly, the Motion to Remand is DENIED.

   II.   Defendants' Motions to Dismiss

Having established that removal to this court is proper, the Court will now address LINA and Bixler's Motions, respectively.

   A.  State Law Claims

In its Motion, LINA contends that ERISA's preemption clause, § 514(a), 29 U.S.C. § 1144(a), has the effect of preempting any state statute that refers to, or has connection with, covered benefit plans "even if the law is not specifically designed to affect such plans, or the effect is only indirect." Docket No. 12 at 6 (quoting District of Columbia v. Greater Washington Bd. Of Trade, 506 U.S. 125 (1992)). LINA claims that Plaintiff's breach of contract claim and damages claim under the Plan meet the criteria for preemption, and therefore should be dismissed. Id. at 6-8. Bixler, in its Motion, supports LINA's Motion and adds that there are no specific allegations in the Complaint against it. Docket No. 13 at 6-7. Furthermore, Bixler

contends that there is no legal ground upon which Plaintiff can establish a valid pleading against Bixler and, consequently, the Complaint fails to state a claim upon which relief may be granted. Id.

On the other hand, Plaintiff argues that, despite her failure to assert a cause of action under ERISA § 502(a)(1)(B), federal jurisdiction over claims for denial of benefits is proper, and thus these claims should not be dismissed. Docket No. 14 at 4. She also claims that this Court has supplemental jurisdiction over all claims arising under the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Id.

In this regard, the Court once again agrees with both Defendants. First, with respect to LINA's Motion, ERISA preempts all state laws related to employee welfare benefit plans. See 29 U.S.C. § 1144(a). It is well-established that ERISA preempts: "(1) laws that amount to alternative enforcement mechanisms to those in § 502(a), or (2) laws that present the threat of conflicting and inconsistent regulation that would frustrate uniform national administration of ERISA plans." Danca v. Private Health Care Systems, Inc., 185 F. 3d 1 (1st Cir. 1999) (internal quotation marks omitted). A state law tort suit that alleges the improper processing of a claim for benefits under an ERISA-covered plan, falls within the scope of § 502(a), and therefore can be characterized as an "alternative enforcement mechanism." Id. at 5. Plaintiff's conduct "was indisputably part of the process used to asses a participant's claim for a benefit payment under the [Plan]." Id. at 6. Thus, "a state-law-based attack on this conduct would amount to an alternative enforcement mechanism to ERISA's civil enforcement provisions contained in § 502(a)." Id. (internal quotation marks omitted).

As in Danca, Plaintiff alleges "not simply an entitlement to benefits under the plan, but bad faith on the part of the insurance company in its conduct while arriving at its final benefits conclusion." Id.; see also Docket No. 1, Ex. 1 at 3. In that case, those claims were found to be an "alternative enforcement mechanism" under ERISA § 502(a), and therefore completely preempted. Id. It follows that Plaintiff's claims are also preempted. See Pilot Life, 481 U.S. at 54-55 (finding a claim for improper processing of benefits fell within § 502(a)).

In regards to the extra-contractual damages alleged in the Complaint, these are unrecoverable under ERISA. See Drinkwater v. Metropolitan Life Ins. Co., 846 F. 2d 821, 825 (1st Cir. 1998); see also Pilot Life, 481 U.S. at 47 (holding that an ERISA plan beneficiary could not seek emotional distress damages purely because a plan administrator wrongfully denies plan benefits). Additionally, claims alleging negligence may create a threat of conflicting and inconsistent state and local regulations of the administration of ERISA plans. See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995) (noting that "the basic thrust of the preemption clause [is] to avoid multiplicity of regulation in order to permit the nationally uniform administration of employee benefits."). Therefore, the Court finds to be also preempted, since the preemption clause was established to avoid precisely that conflict. Danca, 185 F. 3d at 7.

In conclusion, all torts claims and claims for fault or negligence in complying with an obligation are completely preempted by ERISA. Wickman, 908 F. 2d at 1082. ("[A] claimant's common law contract and torts claims asserting improper processing of a claim for benefits under an ERISA regulated insurance policy are preempted.") (citations omitted); see Rodríguez v. MCS Life Insurance Company, 283 F. Supp. 2d 459, 467-68 (D.P.R. 2003) (holding that a

claim for torts under Article 1802 of the Puerto Rico Civil Code was preempted by ERISA). In addition, causes of action under Puerto Rico contract law for an alleged breach of contract are also preempted by ERISA. Escobar Galindez v. Ortho Pharmaceutical, 328 F. Supp. 2d 231, 231 (D.P.R. 2004) (finding that Plaintiff's causes of actions for breach of contract were preempted pursuant to ERISA's §502).

Accordingly, since Plaintiff's claims are completely preempted by § 502(a), they are also preempted by ERISA § 514, thus justifying their dismissal. Danca, 185 F. 3d at 7 (holding that § 514 preempted the state tort claims leveled against the defendants). As such, LINA's Motion to Dismiss is hereby GRANTED.

Regarding Bixler's Motion to Dismiss, the Court also agrees that the all claims against Bixler should be dismissed. There is not one allegation in the Complaint which pertains to Bixler's involvement in the instant case. Docket No. 6, Ex. 1. The Court holds that the Complaint does not raise a claim upon which a relief can be granted. Therefore, Bixler's Motion to Dismiss is also GRANTED.

    B. **Constitutional Claims**

Plaintiff alleges in her original Complaint that two of her causes of action were pursuant to the Constitution of the Commonwealth of Puerto Rico and the Constitution of the United States. Docket No. 6, Ex. 1 at 3. She argues that LINA's actions, allegedly under ERISA regulation, infringe Plaintiff's due process and equal protection rights under both Constitutions. Docket No. 14 at 5. Additionally, in her Complaint, Plaintiff stated that LINA has deprived her of her entitled benefits, which included income and medical insurance. Docket No. 6, Ex. 1; see also

Docket No. 14 at 5. Furthermore, she states that the denial of her benefits was not based on simple negligence and caused serious injuries to 42 U.S.C. §1983. Docket No. 14 at 5.

Defendants, on the other hand, claim that Plaintiff failed to plead any sufficient facts to support a cognizable claim under both the United States and Puerto Rico Constitutions, because there is no governmental action involved. Docket No. 12 at 11-12.

The Constitution of the United States "erects no shield against merely private conduct, however . . . wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). Federal law provides a cause of action when an individual, acting under color of state law, deprives a person of federally assured rights. 42 U.S.C. § 1983. "An actionable section 1983 claim must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992) (internal quotation omitted).

For § 1983 to be available as a right of action, the alleged perpetrator must be a State actor. Id.; see also Blum, 457 U.S. at 1002. A state actor exists under any of the following circumstances: (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the state can be considered a joint participant in the challenged activity; (2) where the private party has exercised powers that are traditionally the exclusive prerogative of the state; or (3) where the state "has exercised coercive power or has provided such significant encouragement, either overt or covert that the action of the private party must in law be deemed to be that of the state." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F. 3d 1, 7-8 (citations omitted). "If the plaintiff fails to allege facts sufficient to

establish either the deprivation of a federal right or that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal." Id.

The Court finds that Plaintiff's § 1983 claim must be dismissed. First, it is undisputed that Defendants are private corporations and/or partnerships authorized to do business in Puerto Rico. Docket No. 6, Ex. 1 at 1. Second, as in Estades-Negroni, Plaintiff has failed to plead sufficient facts to establish a joint nexus between the state and the denial of benefits. Estades-Negroni, 412 F. 3d at 7-8. Plaintiff never alleges in her Complaint that the state was in any way involved in the decision to deny Plaintiff's benefits. Docket No. 6, Ex. 1; see also Estades-Negroni, 412 F. 3d at 6. Thus, the Court fails to see, on the facts alleged, "how [Plaintiff] could show that a relationship existed between [Defendants] and the state that would justify a finding of state action under this test." Estades-Negroni, 412 F. 3d at 7.

Finally, Plaintiff has also failed to allege facts that supporting that Defendants were exercising powers that traditionally are an exclusive prerogative of the states. See Docket No. 6, Ex. 1. Therefore, the Court finds that LINA is not state actor. Estades-Negroni, 412 F. 3d at 7-8.

Accordingly, since Plaintiff has failed to plead any facts sufficient to support a plausible claim under the United States or Puerto Rico Constitutions, dismissal of these claims is hereby GRANTED.

## CONCLUSION

For the reasons outlined above, Plaintiff's motion to remand is **DENIED** and Defendants' motions to dismiss are **GRANTED**. Judgment shall be entered accordingly.

Civil No. 14-1338 (JAG) 15

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2015.

S/ Jay A. Garcia-Gregory

JAY A. GARCIA-GREGORY

United States District Judge